IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **JONATHAN RAY GAMBLE,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**FAST STOP,** *et. al.*,<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:23-cv-00129-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

This matter is before the court on Defendants Fast Stop and Sam Shahram's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 19]. The motion is fully briefed. After Fast Stop terminated Plaintiff Jonathan Ray Gamble's employment, Plaintiff brought this action against Defendants alleging various forms of alleged discrimination under Title VII of the Civil Rights Act of 1964 and additional state law claims.

Defendants brought the present Motion to Dismiss Plaintiff's Amended Complaint, arguing that Plaintiff's Title VII claims are barred because he did not allege that he had filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC") or obtained a right to sue notice from the EEOC. Additionally, because the Title VII claim is Plaintiff's only federal claim, Defendants argued that the court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

In response to Defendants' motion to dismiss, Plaintiff indicated that he was talking to the EEOC. Defendants then replied that "talking" to the EEOC does not sufficiently demonstrate that Plaintiff obtained a right to sue notice from the EEOC. After the motion was fully briefed, however, Plaintiff filed a right to sue notice from the EEOC that was issued on October 9, 2024, ten months after he brought the present action.

While Defendants argued in their reply memorandum that Plaintiff was required to have a right to sue notice before filing the present suit, the issue of whether a right to sue notice obtained after the filing of an action can allow the action to proceed was not fully addressed. Because the court believes that the parties should fully brief whether the administrative charge was timely filed and whether the post-Complaint right to sue notice can be considered, the court denies Defendants' motion to dismiss without prejudice because it was premised on the argument that there was no right to sue notice from the EEOC. Within twenty days of the date of this Order, Defendants may re-file a Motion to Dismiss based on the information currently before the court if it believes there are still grounds for dismissal.

DATED this 10th day of March 2025.

BY THE COURT

_____
DALE A. KIMBALL
United States District Judge