IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

|  |  |
|---|---|
| GAMBLE,<br><br>          Plaintiff,<br><br>v.<br><br>FAST STOP, et al.,<br><br>          Defendants. | REPORT AND RECOMMENDATION<br>GRANTING [32] MOTION TO DISMISS<br><br>Case No. 1:23-cv-00129-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 28).

*Pro se* Plaintiff Jonathan Ray Gamble (Plaintiff or Mr. Gamble) asserts claims under Title VII of

the Civil Rights Act of 1964 (Title VII) in his Amended Complaint (Am. Compl.) (ECF 8). Before

the court is a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) (Motion)

(ECF 32) filed by Defendants Fast Stop and Sam Shahram (Defendants). Having carefully

considered the relevant filings, the court finds that oral argument is not necessary and will decide

the Motion on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth

below, the undersigned RECOMMENDS that the Motion (ECF 32) be GRANTED.

## I.    BACKGROUND

Plaintiff initiated this Title VII action on December 7, 2023 (ECF 5). On May 13, 2024,

the court issued an Order granting Plaintiff leave to file an amended complaint addressing the

failure to adequately plead a plausible claim no later than June 3, 2024 (Order to Amend) (ECF 7).

Over a week after the deadline, on June 11, 2024, Plaintiff filed the Amended Complaint (ECF 8), which is the operative complaint in this matter.[1]

Construing the Amended Complaint liberally,[2] Plaintiff asserts Title VII claims for discrimination and retaliation as well as state law claims for defamation and unlawful termination[3] (ECF 8). Plaintiff claims he "was discriminated on race, sexual orientation, hiring and firing, compensation, assignment, and classification of workers, promotion, lay off and married race" (Am. Compl. at 1). Though the precise nature of Plaintiff's claims is unclear, Plaintiff appears to allege that he experienced discrimination when he did not receive raises as promised and was fired due to being "married to a Hispanic woman" (*id.* ¶ 2). Plaintiff also seems to allege that he was discriminated against when he never got job training and was fired because he and his wife were in a "polyamorous relationship" (*id.* ¶ 4). As to defamation, Plaintiff alleges he was accused of stealing cigarettes, and "they [were] slandering [his] name in the middle of public place" with statements that he and his wife were "no good and not nice people and not hard working people" (*id.*). Plaintiff also makes allegations that he was unlawfully terminated in retaliation for reporting "another employee [who] threw a box cutter at [his] head" to a manager who was dating the employee who threw the box cutter (*id.* ¶ 3).

---

[1] The court accepts the filing of the Amended Complaint despite its untimeliness. However, the court admonishes Plaintiff that continued failure to abide by court orders and the rules of this court may result in sanctions. *See* DUCivR 1-2 ("On a party's motion or on its own, the court may impose sanctions against an attorney, a party, or both for violating these rules. Sanctions include costs, reasonable attorney's fees, a fine, or any combination of these, or any other sanction the court deems appropriate.").

[2] Because Plaintiff is proceeding pro se, the court construes the Amended Complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]his liberal treatment is not without limits, and 'this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

[3] While it is unclear whether Plaintiff is asserting state law claims in his Amended Complaint, Defendants point to allegations that suggest that Plaintiff is bringing state law claims for defamation and unlawful termination (ECF 32 at 14–17).

2

On August 13, 2024, Defendants filed a motion to dismiss (ECF 19) based on Plaintiff's failure to allege he had filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). On September 8, 2024, Plaintiff filed a Charge of Discrimination with the EEOC (EEOC Charge) (ECF 32-2).[4] In the EEOC Charge, Plaintiff left blank the question that asks the date of "the most recent job action you think was discriminatory" (*id.*). The EEOC Charge does not elsewhere contain any dates of when the allegations occurred (*id.*). Plaintiff checks the boxes for discrimination for race, sex, disability and retaliation (*id.*). Plaintiff alleges he was temporarily "refused [a] job" because he "was married to a Mexican/latina women" and that he was assaulted and "sexually harassed" (*id.*). Plaintiff also alleges "retaliation" in response to a report of sexual harassment when management "told [Plaintiff] to deal with it" because he is "a man" (*id.*).

On October 9, 2024, the EEOC issued Plaintiff a Dismissal and Notice of Rights (Notice of Right to Sue) (ECF 32-1), which he filed with the court on October 15, 2024 (ECF 26). On March 10, 2025, the court issued an Order denying Defendants' motion to dismiss without prejudice to allow the parties "to fully brief whether the administrative charge was timely filed and whether the post-Complaint [Notice of Right to Sue] can be considered" (Denial Order) (ECF 30).

On March 26, 2025, Defendants filed the present Motion arguing that Plaintiff's Title VII claims are barred because his EEOC Charge of Discrimination dated September 8, 2024 (EEOC Charge) is untimely, and the claims in his Amended Complaint do not relate to the EEOC Charge (ECF 32 at 7–12; ECF 32-2). Defendants further argue that the court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims for defamation and unlawful termination

---

[4] Defendants ask the court to take judicial notice of the EEOC Charge (ECF 32 at 3 n.9). District courts in the Tenth Circuit have previously taken judicial notice of EEOC charging documents as administrative records. *See, e.g.*, *Villarreal v. Walmart, Inc.*, No. 19-cv-01722-PAB-STV, 2021 WL 1022701, at *5 (D. Colo. Mar. 17, 2021) (collecting cases). The court therefore takes judicial notice of the EEOC Charge attached as Exhibit 2 to the Motion (ECF 32-2).

and even if it did, these claims are subject to dismissal for failure to state a claim (*id.* at 12–17).

Plaintiff thereafter filed a Response (ECF 35), and Defendants filed a Reply (ECF 36), which the

court has also considered.[5]

## II.   LEGAL STANDARDS

Defendants move for dismissal of Plaintiff's Title VII claims pursuant to Rule 12(b)(6) for

"failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint

fails to state a claim upon which relief may be granted if it does not "contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual

allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127

S.Ct. at 1965. The mere "metaphysical possibility that some plaintiff could prove some set of facts

in support of the pleaded claims is insufficient; the complaint must give the court reason to believe

that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge

at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Plaintiff bears the burden

of demonstrating that the Complaint meets this standard. *See Olson v. Carmack*, 641 F. App'x 822,

826–27 (10th Cir. 2016) (citing *Twombly*, 550 U.S. at 556).

---

[5] On April 18, 2025, Plaintiff filed an additional filing "replying to fast stop's dismissal" (ECF 37). Given that briefing on Defendants' Motion is complete, this filing appears to be an unauthorized sur-reply. Local Rule 7-1 makes clear that "[u]nless ordered otherwise, the court will not consider additional memoranda." DUCivR 7-1(a)(9). Despite Plaintiff's pro se status, he is still obligated to follow the rules and procedures of this court. *See Kay*, 500 F.3d at 1218. The court therefore declines to consider this filing in making its determination.

### III.     DISCUSSION

#### A.     Title VII Claims

##### 1.     *Timeliness of Plaintiff's Title VII Claims*

Defendants seek dismissal of Plaintiff's Title VII claims on the grounds that the EEOC Charge is untimely (ECF 32 at 7). In states like Utah, "in which a state agency has authority to investigate employment discrimination . . . Title VII requires claimants to file a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice." *Matthews v. Kennecott Utah Copper Corp.*, 54 F. Supp. 2d 1067, 1073 (D. Utah 1999), *aff'd sub nom. Matthews v. Kennecott Copper Corp.*, 208 F.3d 226 (10th Cir. 2000). Allegations falling outside that 300-day window are generally barred, cannot support claims of discrimination, and merit dismissal. *See Norman v. Syracuse High Sch.*, No. 1:12-CV-00021-EJF, 2013 WL 1335891, *4 (D. Utah Mar. 29, 2013) (dismissing "portions of . . . cause of action for incidents occurring outside the limitations period" for filing an EEOC charge of discrimination).

Here, Plaintiff filed his EEOC Charge on September 8, 2024, and his Title VII claims are therefore limited to the period beginning 300 days prior to that date on November 13, 2023. In the Amended Complaint, Plaintiff does not identify his termination date or specify any other dates that the alleged discriminatory or retaliatory conduct occurred. The EEOC Charge Plaintiff filed also does not contain any dates. Defendants argues the court should look to the EEOC's Notice of Charge of Discrimination, attached as Exhibit 4 to the Motion (ECF 32-4), which states on the front page that the "circumstances of the alleged discrimination are based on Disability, Race, Sex, and involve issues of Harassment, Sexual Harassment that are alleged to have incurred on or about October 16, 2023" (ECF 32-4 at 1). Defendants argue this date falls outside the 300-day period.

However, Defendants do not request that the court take judicial notice of a Notice of Charge document or provide authority supporting that it is appropriate for the court to do so.[6]

Meanwhile, Plaintiff's Opposition lists dates he was wrongfully accused and terminated in January 2023 (ECF 35 at 1). Because the court is constrained to "the four corners" of the Complaint, the court declines to consider the allegations in Plaintiff's Opposition. *See Duran v. Colbert*, No. 2:16-CV-805 CW, 2023 WL 2742738, at *2 (D. Utah Mar. 31, 2023) (citing *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.")). For these reasons, the court is unable to determine whether Plaintiff's Title VII claims are untimely and will proceed to consider Defendants' alternative grounds for dismissal.

### 2.     *Scope of Plaintiff's Title VII Claims*

Defendants argue that even if Plaintiff's Title VII claims are timely, the content of the EEOC Charge does not relate to the allegations in the Amended Complaint (ECF 32 at 9–10) and he has therefore failed to exhaust his administrative remedies. "A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue-letter." *Clark v. 10 Roads Express, LLC*, No. 23-3067, 2023 WL 6997397, at *1 (10th Cir. Oct. 24, 2023) (quoting *Sanderson v. Wyo. Highway Patrol*, 976 F.3d 1164, 1170 (10th Cir. 2020)). Hence, even if a plaintiff files a timely EEOC charge prior to bringing suit, his "claim in court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Id.* (quoting *Sanderson*, 976 F.3d at 1170). Although the Tenth Circuit "'liberally

---

[6] As noted above, courts have found it appropriate to take judicial notice of the EEOC Charge. *See Villarreal*, 2021 WL 1022701, at *5. However, the court's inquiry "goes only to what is alleged in the Charge, not a resulting investigation." *Ingle v. Ieros, LLC*, No. 1:18-CV-02759-LTB, 2019 WL 2471152, at *4 (D. Colo. June 13, 2019) (citing *Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018)).

construe[s]' the plaintiff's allegations in them EEOC charge, 'the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim.'" *Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018) (quoting *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007), *overruled on other grounds by Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1179 (10th Cir. 2018)).

The Tenth Circuit has "held that a plaintiff may not assert a claim in civil litigation where the critical facts underlying such claim were not contained within the EEOC charge." *McDade v. Weston Cnty. Hosp. Dist.*, No. 24-8031, 2025 WL 415481, *4 (10th Cir. Feb. 6, 2025) (citing *Smith*, 904 F.3d at 1164). "[V]ague, passing comment[s]" in an EEOC charge may be insufficient to support claims in litigation. *See, e.g.*, *Alabi v. Vilsack*, 860 F. App'x 576, 580 (10th Cir. 2021); *see also Brent v. Nike, Inc.*, No. 219CV00749RJSJCB, 2021 WL 861276, at *7 (D. Utah Feb. 12, 2021) (finding retaliation claims were not exhausted where "[n]o acts of protected activity or references to retaliatory behavior [were] alleged in the EEOC charge of discrimination," despite the plaintiff's "check[ing] the retaliation box on his EEOC charge").

Here, the EEOC Charge does not indicate with facts that Plaintiff was terminated because of discriminatory or retaliatory animus. The EEOC Charge provides no description of the box cutter incident, other than a "vague, passing" mention of aggravated assault (ECF 32-2), which is insufficient to support a claim in this ligation. *See Alabi*, 860 F. App'x at 580. While the EEOC Charge checks boxes for "race," "sex," "disability," and "retaliation" (ECF 32-2), this alone without substantive facts to support his claims is insufficient. Because the EEOC Charge provides none of the critical facts asserted in paragraphs 2, 3, and 4 of his Amended Complaint, these claims are subject to dismissal.

Defendants acknowledge that the EEOC Charge does indicate that Plaintiff "was refused job" "when the company found out" he "was married to a mexican/latina women," which is somewhat comparable to allegations in paragraph 1 of Plaintiff's Amended Complaint (ECF 32 at 11–12). Defendants argue that this claim is nonetheless subject to dismissal because these allegations were not referenced in the EEOC's Notice of Charge of Discrimination (ECF 32-4). However, as explained above, Defendants have not provided authority to support that it is appropriate for the court to consider this document in deciding the Motion. Notwithstanding, as to the allegations in paragraph 1 of Plaintiff's Amended Complaint, the court need not decide this issue given the court's conclusion below that all claims are inadequately pled.

### 3.      *Sufficiency of Title VII Claims*

Defendants also seek dismissal of Plaintiff's Title VII claims pursuant to Rule 12(b)(6) (ECF 32 at 6). Title VII of the Civil Rights Act of 1964, which prohibits discrimination on the basis of an "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To assert a discrimination claim, a plaintiff must set forth the following elements: (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he qualified for the position at issue; and (4) he was treated less favorably than others not in the protected class. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

Title VII also prohibits an employer from retaliating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). "To state a prima facie case for retaliation under Title VII, a plaintiff must show '(1) that []he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Khalik*, 671 F.3d at 1193

(quoting *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987 (10th Cir. 2011)). While a plaintiff "is not required to set forth a prima facie case for each element" at this stage of the case, he is "required to set forth plausible claims." *Id.*

Here, Plaintiff has failed to plausibly allege the elements of a discrimination or retaliation claim under Title VII. In his Amended Complaint, Plaintiff alleges that he was married to a Hispanic woman and in a polyamorous relationship with her (Amend. Compl. ¶¶ 2, 4), but it is unclear which protected class he is claiming to be a member of or how these facts would support his membership in a protected class. Plaintiff alleges he was denied raises, denied training, and accused of theft (*id.*) but does not provide sufficient factual support or legal authority to support that these allegations constitute adverse employment actions.

Plaintiff further alleges he was terminated in retaliation for reporting an employee who threw a box cutter at his head (*id.* ¶ 4). However, "[t]here is no context for when [he] complained, or to whom. There are no allegations of similarly situated employees who were treated differently. There are no facts relating to the alleged discrimination. There is no nexus between the person(s) to whom [he] complained and the person who fired [him]." *See Khalik*, 671 F.3d at 1194. In sum, "there is nothing other than sheer speculation to link" his termination "to a discriminatory or retaliatory motive." *See id.* Thus, Plaintiff has failed to allege sufficient facts demonstrating that Defendants unlawfully discriminated or retaliated against him in violation of Title VII. The court therefore concludes that Plaintiff has failed to provide sufficient well-pleaded factual allegations to support his claims.

In summary, Plaintiff's Title VII claims are subject to dismissal based on the deficiencies outlined above. The undersigned therefore RECOMMENDS the court GRANT Defendants' Motion (ECF 32) as to Plaintiff's Title VII claims.

B.   **State Law Claims**

Defendants also seek dismissal of Plaintiff's state law claims for defamation and unlawful termination for failure to state a claim. Defendants argue that the defamatory statements alleged by Plaintiff are non-actionable opinions and do not otherwise meet the elements of a defamation claim (ECF 32 at 15–16). Defendants further argue that any unlawful termination claim fails because Plaintiff did not allege any public policy established by statute violated by his termination (*id.* at 16). The court does not reach the merits of these claims because, as explained below, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

"Pursuant to 28 U.S.C. § 1367(a), federal courts may exercise supplemental jurisdiction over claims outside their original jurisdiction if those claims are part of the same Article III case or controversy as claims over which the court has original jurisdiction." *Brock v. Herbert*, No. 2:09-cv-1118, 2012 WL 1029355, at *2 (D. Utah Mar. 26, 2012). Even so, "[u]nder 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction. When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Miller v. Fluent Home, LLC*, No. 2:20-cv-00641-HCN-JCB, 2021 WL 8086367, at *5 (D. Utah Mar. 18, 2021) (quoting *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011)).

For the reasons above, the undersigned recommends that the court dismiss Plaintiff's federal claims under Title VII. Because Plaintiff's remaining claims are based on state law, the undersigned recommends that the court decline to exercise supplemental jurisdiction over those claims. *See Bauchman ex rel. Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) ("If federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should

10

decline the exercise of jurisdiction by dismissing the case without prejudice.'" (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988))). Accordingly, the undersigned RECOMMENDS that the court GRANT Defendants' Motion as to Plaintiff's state law claims.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that Defendants' Motion to Dismiss (ECF 32) be GRANTED, and Plaintiff's Title VII claims and state law claims be dismissed.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 12 February 2026.


Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah